# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Dr. W. A. Davis, State Registrar
Bureau of Vital Statistics
Board of Health
Austin, Texas

Dear Sir:
Opinion No. O-7030
Re: Filing of birth
certificates for
adopted children.

Your request for our opinion on the above question reads as follows:

"I regret very much that it will not be possible for me to attend the conference on Thursday, January 10th, to reconsider Opinion No. O-6682 relative to the method of filing new birth certificates for adopted children.

"The new certificates which have been written since August 1, 1945, the date of the above Opinion, show that the parents are parents by adoption and by reflecting this fact no absurd certificates result and the relations as shown in the certificates require no explanation.

"If Opinion No. O-6682 is reversed and the State Registrar is to write the new birth certificate so as to show that the adopting parents are the natural parents of the child, please advise the State Registrar how the certificates should be made in the following instances:

"1. When a child is adopted by a single man or woman, should the new certificate show a single individual as the natural parent of a legitimate child?

"2. Upon the remarriage of the mother and the adoption of her child by her second husband, should the new certificate show her second husband as the natural father of the child?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Dr. W. A. Davis, page 2

"3. Where uncles and aunts adopt nephews and nieces, should the new certificates in view of the findings of the court of adoption and common knowledge, show the uncles and aunts as the natural fathers and mothers of these adopted children?

"4. Where grandparents adopt grandchildren, should the grandparents be shown as the natural parents of the children and, if so, should the present ages of the grandparents be shown on the certificates?

"5. If two children born less than 9 months apart are adopted, should the adopting parents be shown as the natural parents in contradiction to certain biological facts?

"6. The present law provides that upon the request of the adopting parents, the original birth record may be retained in the file and not sealed with the adoption decree. If the Opinion of August 1, 1945, is reversed and the adopting parents are shown on the record as the natural parents, you have two certificates filed side by side which are contradictory with no explanation attached.

"7. When the date of birth of the child is shown to be prior to the date of marriage of the adopting parents, should the new certificate show the adopting parents as the natural parents of a child born prior to their marriage?

"8. Should the signature of the physician who attended the birth of the child, or his name, be placed on the new certificate showing the adopting parents without his knowledge or consent?"

Section 9 of Article 46a, Vernon's Annotated Civil Statutes, reads in part as follows:

Dr. W. A. Davis,  page 3

"When a child is adopted in accordance with the provisions of this Article, all legal relationship and all rights and duties between such child and its natural parents shall cease and determine, provided, however, that nothing herein shall prevent such adopted child from inheriting from its natural parent; all adopted children shall inherit from the adopted as well as its natural parents. Said child shall thereafter be deemed and held to be, for every purpose, the child of its parent or parents by adoption as fully as though born of them in lawful wedlock. Said child shall be entitled to proper education, support, maintenance, nurture and care from said parent or parents by adoption, and shall inherit from said parent or parents by adoption, and as the child of said parent or parents by adoption, as fully as though born to them in lawful wedlock;* * *"

Subsection 26 of Rule 47a, Art. 4477, V. A. C. S., reads in part as follows: .

"Provided further upon entry of final order of adoption the Judge or Clerk of Court shall notify the Registrar of Vital Statistics in State Department of Health of action taken, giving the names and addresses of the natural parents if known or of the child's next kin, the date of birth and name of such child before and after adoption and the name and addresses of foster parents. Said Registrar of Vital Statistics shall likewise be notified of any subsequent revocation of such order of adoption or any annulment of adoption. Copies of all reports of adoptions and reports of revocation of order of adoption and of annulments shall within thirty (30) days after such order be mailed to the Registrar of Vital Statistics of the State Department of Health. Upon receipt of copy of any final order of adoption the State Registrar of Vital Statistics shall cause to be made a record of the birth in the new name or names of the adopting parents or parent. He shall then cause to be sealed and filed the original certificate of birth, if any, with the adoption decree of the Court and such sealed package may be opened only upon order of a Court of record. Upon

Dr. W. A. Davis, page 4

receipt of copy of annulment of adoption said Registrar of Vital Statistics shall restore the original name of the child and the names of his natural parents or parent to the record of birth of such child. Provided further that adoption made under existing law prior to the passage of this Act, may be registered with the Bureau of Vital Statistics upon sworn application of either adoptive parent or guardian of the adopted child, show the names and addresses of the natural parents if known or of the child's next kin, the date of birth and the name of such child before and after adoption, the names and addresses of foster parents, together with proof of adoption, either by certified copy of the record of the affidavit of adoption, or the Court order of adoption.

"Upon the adoption of said child, the State Registrar shall notify the Local Registrar of that adoption, and shall forward to the Local Registrar a copy of the birth certificate showing the names of the parents by adoption, provided that no statement of the adoption shall appear on that record. The Local Registrar shall return to the State Registrar, or shall cancel the certificate of the natural birth of said child, and shall substitute in its place a certificate forwarded him by the State Registrar.

"And provided further that the State Registrar, upon the written request signed by the parent, or parents, of the adopted child, may retain the certificate of the natural birth in the file and may attach a certificate showing the names of the parent,, or parents, by adoption to the original certificate as an amendment. The State Registrar shall furnish the Local Registrar with a copy of the said birth certificate to be attached to the original birth certificate."

Our Opinion No. O-6631 reads in part as follows:

"In our opinion, when the State Registrar receives an adoption decree, he should file a certificate of the birth in the new name or names of the adopting parent or parents in which there is no statement of the adoption, as required in Subdivision 26 of Rule 47a, * * *"

Dr. W. A. Davis,   page 5

In our Opinion No. 0-7052, dealing with birth certificates of adopted children, we held as follows:

> "In view of the foregoing it is our opinion that you are not required to rewrite the birth certificates of adopted children that were filed in compliance with Opinion No. 0-6682 (which has been overruled and withdrawn), unless request therefor is made by the proper parties. If and when such request is made by the adoptive parents or other proper parties, it is our opinion that you should rewrite these records so as to show that the adoptive parents are the parents of said children. In other words, the new certificate, insofar as it relates to the adoptive parents, should be prepared in the same manner as you now prepare birth certificates under the provisions of Subsections 1 to 24, inclusive, of Rule 47a, Art. 4477, V. A. C. S. Going a little further, we do not think that the word 'natural' should be used before the name of the father, mother or child."

A careful reading of the above statutes and the above quoted portions of opinions of this department reveals that it was never the intention of the Legislature nor the holding of this department that the adoptive (legal) parent or parents should be considered as the natural parents of the adopted child. From the social and legal point of view the adoptive parents take the place of the natural parents, except for the blood relationship, but this does not mean that they are the natural parents of the child.

In passing laws on this very important matter, the members of the Legislature did not seek to prescribe a standard form of birth certificate to be used by the State Registrar in preparing all kinds of birth certificates, but on the contrary they passed Subsections 1 to 24, inclusive, of Rule 47a, Article 4477, V. A. C. S., prescribing the essentials that must be contained in the natural birth certificate, Subsection 25 dealing with the birth certificate of an illegitimate child, and Subsection 26 providing for the birth certificate of an adopted child, and other subsections enumerating the prerequisites of a delayed birth certificate. Stated another way, a person that is familiar with the birth certificate laws of Texas can distinguish a natural birth certificate from the birth certificate of an adopted child or a delayed birth certificate, for there are always certain characteristics contained in each birth certificate that will identify it. In other words, something that is very necessary for the completion of the natural birth certificate will have no place in the birth certificate of the adopted child or in the delayed birth certificate, or vice versa.

Dr. W. A. Davis,   page 6

You have propounded a number of questions as to whether the adoptive parent or parents should be shown as the <u>natural</u> parents of the child in the new birth certificate, and in answer to the same, we call your attention to our Opinion No. 0-7052, wherein we said that "the new certificate, insofar as it relates to the adoptive parents, should be prepared in the same manner as you now prepare birth certificates under the provisions of Subsections 1 to 24, inclusive, of Rule 47a, Art. 4477, V. A. C. S." Stated another way, in preparing the "natural birth certificate" in accordance with the above mentioned subsections you or the Local Registrars do not use the word "natural" before the name of the father, mother or child, and if, in preparing the birth certificate of an adopted child, you inserted the word "natural" before the name of the father, mother or child you would be doing something contrary both to the letter and spirit of the law, and what is more you would be doing something that is not done in the preparation of a "natural birth certificate".

The Legislature passed Subsection 26 primarily for the benefit of the adopted child, but in so doing the Legislature did not intend that the State Registrar or anyone else should make a false statement. When you prepare a birth certificate of an adopted child in accordance with our Opinions Nos. 0-6631, 0-7052 and this opinion, you are not making a false statement, but on the contrary, you have a birth certificate that does not contain any statement of the adoption, not even so much as the word "adoption" before the name of the father, mother or child; in addition thereto, you have a birth certificate prepared in the same manner as you now prepare a "natural birth certificate", insofar as it relates to the parents and child, for in such a certificate the word "natural" is not used before the name of the father, mother or child.

The foregoing answers your Questions Nos. 1, 2, 3, 4, 5 and 7, and we answer your other questions as follows:

6. In the above discussion it will be noted that the adoptive parents are not shown to be the <u>natural parents</u> of the child, but on the contrary, they are shown as the <u>parents</u> of the child in the same manner as is done in the "natural birth certificate". The provisions of Subsection 26 that are applicable to your question are clear and definite, and when a birth certificate is prepared in accordance with the same, we see no reason why any further explanation should be made in the certificate.

Dr. W. A. Davis,  page 7


8.  In answer to this question it is our opinion that the State Registrar has no authority to use the name or signature of the physician (who attended the birth) on the new birth certificate without his knowledge or consent.  It is mandatory that the attending physician's certificate be placed in the birth certificate prepared in accordance with Subsections 1 to 24 (natural birth certificates), but we do not think that such a certificate has any place in the birth certificate of an adopted child.

We trust that we have satisfactorily answered your inquiries.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  *J. C. Davis, Jr.*
J. C. Davis, Jr.
Assistant

JCD:LJ

APPROVED JAN 25 1946

FIRST ASSISTANT
ATTORNEY GENERAL

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE